[Cite as *State v. Bradley*, 2017-Ohio-7121.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                          :

    Plaintiff-Appellee,                          :               CASE NO.   CA2016-11-094

                             :                     O P I N I O N
    - vs -                                                                         8/7/2017

                             :

VALERIE BRADLEY,                                   :

    Defendant-Appellant.                      :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 15-N001046


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Joseph A. Cesta,1160 East Main Street, P.O. Box 36, Lebanon, Ohio 45036, for defendant-appellant

James R. Mason, Peter K. Kamakawiwoole, Home School Legal Defense Association, One Patrick Hendry Circle, Purcellville, VA 20132, Admitted Pro Hac Vice, for defendant-appellant


     **RINGLAND, J.**

     **{¶ 1}** Defendant-appellant, Valerie Bradley, appeals the decision of the Warren County Common Pleas, Juvenile Division, finding her guilty of failure to send her child to school.  For the reasons detailed below, we reverse the decision of the trial court and

discharge Bradley.

{¶ 2} The record is largely undisputed. Bradley began homeschooling her son for the second semester of the 2014-2015 school year. On May 15, 2015, the school district sent the Bradleys a letter asking if their son would continue homeschooling for the 2015-2016 school year. The letter also requested that Bradley enclose various documents, including the results from standardized tests. The letter requested that the form be completed by August 1, 2015.

{¶ 3} Bradley did not complete the form or attach the necessary documents prior to the August 1 deadline. Bradley testified that when the letter arrived, she simply placed it in a file of homeschool documents and then forgot to take any action. However, she stated that she continued to homeschool her son during the 2015-2016 school year.

{¶ 4} Bradley became aware of a problem when she received a phone call indicating a problem with the homeschool arrangement. As a result, Bradley completed the form and sent it to the school district. The form was dated September 28, 2015.

{¶ 5} On October 7, 2015, Dr. Ron Malone, the attendance officer for Carlisle Local Schools, sent a letter to Bradley about the situation. The letter acknowledged that Bradley had submitted an application for homeschooling for the 2015-2016 school year, but requested that she provide her son's test results for 2014-2015. The letter further stated that Bradley's son was considered truant.

{¶ 6} Bradley's son completed the necessary assessments and Bradley sent the test scores to the school district on October 12, 2015. The record shows that Bradley's son received exceptionally high marks in the testing.

{¶ 7} On October 21, 2015, the Carlisle Local Schools Superintendent, Larry Hook, sent another letter to Bradley. The letter stated that Bradley had been approved for homeschooling and Bradley's son was excused from attendance for the 2015-2016 school

year as of that date. The letter also reminded Bradley of reporting assessments for the following year.

{¶ 8} On October 29, 2015, Bradley was named in a criminal complaint and charged with contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24(A)(2), a first-degree misdemeanor. The complaint was based on Bradley's failure to send her son to school from the beginning of the Carlisle school year, August 19, 2015, until the date that she was approved to home school on October 21, 2015, approximately 46 school days.

{¶ 9} A trial was held before a magistrate. The state presented the testimony of the attendance officer, Malone, and submitted the above-referenced letters. Malone testified that Bradley had not completed the necessary paperwork or been approved to homeschool until October 21, 2015. Therefore, Malone testified that Bradley's son was truant from the beginning of the school year until the date homeschooling was approved.

{¶ 10} Bradley testified in her own defense and explained that she had forgotten about the requirements until she was contacted by the school. When she learned of the error, Bradley stated that she acted quickly to have the necessary assessments completed and submitted to the district. Despite the fact that she was not approved to homeschool until the October 21 letter, Bradley testified that she had homeschooled her son the entire time and was simply unaware of any problems with the paperwork.

{¶ 11} The magistrate found Bradley guilty of contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24(A)(2). Bradley filed objections to the magistrate's decision. The trial court found that Bradley's failure to follow the homeschool procedures amounted to a "technical violation of the statute." However, the trial court noted that Bradley had been ensuring that her son received his educational requirements. Simply, Bradley "was delinquent in submitting the paperwork in a timely manner." Therefore, the trial court granted Bradley's objections "insofar as the Court will allow the charge be amended to

conform to the evidence." The trial court then found Bradley guilty of failure to send her child to school under a separate statute, R.C. 3321.38. Bradley now appeals the decision of the trial court, raising two assignments of error for review.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE COURT OF COMMON PLEAS ERRED BECAUSE THE STATE'S PROSECUTION OF APPELLANT WAS PROCEDURALLY FORECLOSED AS A MATTER OF LAW.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE COURT COMMITTED REVERSIBLE ERROR BECAUSE THE RECORD DOES NOT CONTAIN EVIDENCE PROVING AN ESSENTIAL ELEMENT OF THE STATE'S CASE.

{¶ 16} We will address Bradley's assignments of error together. In her first assignment of error, Bradley argues that the state did not follow the proper statutory procedures for obtaining a conviction under the relevant statutes. In her second assignment of error, Bradley argues that the state failed to prove an essential element of the offense. We agree with Bradley. The trial court's decision should be reversed.

{¶ 17} The state chose to pursue this case as contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24. That statute states:

> (B) No person, including a parent, guardian, or other custodian of a child, shall do any of the following:
>
> * * *
>
> (2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child or a delinquent child;

An unruly child includes "[a]ny child who is an habitual truant from school." R.C. 2151.022. A trial before a magistrate was held on that charge and Bradley was found guilty.

{¶ 18} The trial court vacated the magistrate's findings and instead found her guilty of

failure to send her child to school in violation of R.C. 3321.38. Bradley was never charged with that offense or notified that the state would be proceeding on that charge. The trial court simply vacated Bradley's contributing conviction and entered a conviction for failing to send her child to school, a separately defined offense. R.C. 3321.38 states that "[n]o parent * * * of a child of compulsory school age shall violate any provision of section 3321.01, 3321.03, 3321.04, 3321.07, 3321.10, 3321.19, 3321.20, or 3331.14 of the Revised Code."

**{¶ 19}** We recognize that the trial court has the authority to amend a complaint under Crim.R. 7(D), which states:

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

*See In re J.S.*, 6th Dist. Erie No. E-11-012, 2011-Ohio-6313.[1] If an amendment changes the penalty or degree of the charged offense, it changes the identity of the offense and is not permitted by Crim.R. 7(D). *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, ¶ 13. The rule ensures that a defendant will not be "surprised" by a new charge. *State v. Lenard*, 8th Dist. Cuyahoga No. 104986, 2017-Ohio-4074, ¶ 17.

**{¶ 20}** The trial court found that the evidence did not support the imposition of criminal misdemeanor penalties under R.C. 2919.24 for allegedly contributing to the unruliness or delinquency of a child. The trial court explained that Bradley had made sure that her son had his educational requirements met during the relevant time. The record supports a finding that Bradley's son received instruction and his test scores reflect high achievement. Because of the technical paperwork violation, the court instead chose to enter a guilty finding on a new R.C. 3321.38 charge for Bradley's failure to send her child to school.

---

1. The Criminal Rules are applicable because the Juvenile Rules do not apply to procedure upon the trial of criminal actions. Ohio Juv.R. 1(C)(2).

{¶ 21} Based on our review, we conclude that Bradley's conviction under R.C. 3321.38 must also be vacated based on the unusual facts of this case. In the present case, Bradley was never charged with violating R.C. 3321.38. Though R.C. 3321.38 is less severe, it is a separate offense of a different degree. Until the trial court entered a guilty plea, Bradley had no notice that she had to defend on that charge. A review of the record shows that Bradley was prejudiced by this amendment because she would have had applicable defenses. For example, one way of violating R.C. 3321.38 is to prove a violation of R.C. 3321.19, which addresses truancy and actions directed at parents, guardians, or responsible persons. R.C. 3321.19(D) describes the process and procedure for initiating a complaint against the child and the parent, including the requirements that the parties be served with notice and the complaint must be filed against both parent and child jointly. It is undisputed that a complaint was not filed jointly against parent and child and therefore Bradley would have prevailed on that issue.

{¶ 22} The state, for its part, essentially argues that the deficiencies in the record on the R.C. 3321.38 conviction should be overlooked because it pursued this case as a contributing offense under R.C. 2919.24, not R.C. 3321.38. The unusual facts of this case highlight the need to reverse the trial court's decision. While the trial court was attempting to enact a just verdict, the fact remains that Bradley would have had applicable defenses to a charge under R.C. 3321.38. Bradley could not utilize those defenses because she was charged with a separate offense and was not put on notice that she may have to defend against claims under R.C. 3321.38. Accordingly, we find the trial court erred by finding Bradley guilty of violating R.C. 3321.38.

{¶ 23} Therefore, we reverse Bradley's conviction for failure to send her son to school under R.C. 3321.38 for the reasons stated above and order her discharged.

{¶ 24} Judgment reversed and Bradley is discharged.

S. POWELL, P.J., and PIPER, J., concur.