[Cite as *State v. Abdullaev*, 2021-Ohio-2195.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200339 |
| | | TRIAL NO. B-1906131 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| AKMAL ABDULLAEV, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and
                                      Cause Remanded

Date of Judgment Entry on Appeal: June 30, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ron Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**HENDON, Judge.**

{¶1} Defendant-appellant Akmal Abdullaev entered guilty pleas to five counts of pandering sexually oriented matter involving a minor. The trial court sentenced him to 18 months for each count. The trial court ordered counts one and two to be served consecutively. The sentences in counts three, four and five were ordered to be served concurrently with each other and concurrently with the sentences imposed on counts one and two, for a total of 36 months in prison.

{¶2} Abdullaev now appeals, asserting in a single assignment of error, that his sentence is contrary to law. Because the trial court did not make all of the required findings prior to imposing consecutive sentences at the sentencing hearing, we sustain Abdullaev's assignment of error.

{¶3} Under R.C. 2953.08(G)(2), an appellate court may only modify or vacate a defendant's sentence "if we 'clearly and convincingly find' that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is 'otherwise contrary to law.' " *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.

{¶4} Under this assignment, Abdullaev first argues that because he has no criminal history and a low risk of recidivism the trial court should not have imposed a prison term for these offenses. We are unpersuaded. The trial court had the authority to impose a prison term for each offense, and it was appropriate given that these offenses were sexual in nature and involved five different minors. *See* R.C. 2929.13(B)(1)(b)(iv).

{¶5} Next, Abdullaev contends that the imposition of consecutive sentences was contrary to law. "R.C. 2929.14(C)(4) requires the trial court to make statutory

2

findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26.

{¶6} At the sentencing hearing, the trial court made two out of the three mandatory consecutive sentences findings pursuant to R.C. 2929.14(C)(4). The court said, "consecutive sentences are necessary to protect the public" and "the harm caused by two or more of the offenses was so great or unusual that no single prison term for the offense committed as part of one or more courses of conduct would adequately reflect the seriousness of the offense." However, the court failed to make the proportionality finding under R.C. 2929.14(C)(4) that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶7} Although all three mandatory findings under R.C. 2929.14(C)(4) were included in the sentencing entry (and supported by the record), the required proportionality finding was not announced at the sentencing hearing and could not be discerned from other statements that the court made at the hearing. Therefore, we are constrained to vacate the consecutive nature of the sentences, and remand the cause for a new sentencing hearing on that issue. *See State v. Jackson*, 1st Dist. Hamilton Nos. C-180245 and C-180246, 2019-Ohio-3299, ¶ 44, citing *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 260.

{¶8} The assignment of error is sustained solely for the reasons set forth in this opinion. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

SYLVIA S. HENDON, retired, from the First Appellate District, sitting by assignment.

3

Please note:

The court has recorded its own entry on the date of the release of this opinion.