[Cite as *State v. Holmes*, 2021-Ohio-3807.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210194 |
| | | C-210195 |
| Plaintiff-Appellee, | : | C-210196 |
| | | TRIAL NOS. B-2002940A |
| vs. | : | B-2003296A |
| | | B-2003982 |
| RUSSELL HOLMES, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals Appeal From:   Hamilton County Court of Common Pleas

Judgments Appealed From Are:   Affirmed in Part, Sentences Vacated in Part, and
                                             Cause Remanded

Date of Judgment Entry on Appeal:  October 27, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1} Defendant-appellant Russell Holmes pled guilty to breaking and entering in the cases numbered B-2002940 and B-2003296 and to possession of a fentanyl-related compound in the case numbered B-2003982. All offenses were felonies of the fifth degree. The trial court imposed a sentence of sixth months in prison for each charge, and ordered that the sentences be served consecutively, resulting in an aggregate sentence of 18 months of imprisonment.

{¶2} Holmes now appeals, arguing in a single assignment of error that the trial court erred in imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4) during the sentencing hearing. The state concedes that the trial court committed this error.

{¶3} Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes (specifically division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code) or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶4} When imposing consecutive sentences, the trial court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus; *State v. Arnold*, 1st Dist. Hamilton Nos. C-180664 and C-180670, 2020-Ohio-2706, ¶ 80. Holmes contends that

although the trial court included all the necessary findings to support the imposition of consecutive sentences in the sentencing entries, it failed to make the required proportionality finding at the sentencing hearing. We agree.

{¶5} Former R.C. 2929.14(C)(4) provided that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6}   At the sentencing hearing, the trial court found that consecutive sentences were necessary to protect the public and that Holmes was on community control when these charges were incurred.  While the trial court made two of the required consecutive-sentencing findings, it failed to make the proportionality finding under R.C. 2929.14(C)(4) that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."  *See State v. Abdullaev*, 1st Dist. Hamilton No. C-200339, 2021-Ohio-2195, ¶ 6.

{¶7}   Although the trial court made all required findings, including the proportionality finding, in the sentencing entries, because the proportionality finding was not made at the sentencing hearing and could not be discerned from the record, we sustain Holmes's assignment of error.  *Id.* at ¶ 7.  The consecutive nature of the sentences is vacated, and this cause is remanded for a new sentencing hearing on that issue.  *Id.*  The judgments of the trial court are otherwise affirmed.

Judgments affirmed in part, sentences vacated in part, and cause remanded.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

4