[Cite as *State v. Volz*, 2022-Ohio-4134.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-06-028 |
| | : | O P I N I O N |
| - vs - | | 11/21/2022 |
| | : | |
| DERRICK M. VOLZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CR 00473

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**PIPER, J.**

{¶1} Defendant, Derrick Volz, appeals his felony sentences. Specifically, he appeals the trial court's orders that he serve the sentences consecutively. Because the trial court failed to make all the statutorily mandated findings at the sentencing hearing, we conclude that the sentence is contrary to law. Therefore, we vacate the portion of the trial court's judgment imposing consecutive sentences.

**I. Facts and Procedural History**

{¶2}   Volz was convicted in four separate cases, three in Clermont County and one in Warren County. In the first Clermont County case (2019-CR-0480), he was convicted of a misdemeanor offense and sentenced to two years of community control. In the second Clermont County case (2019-CR-1166), Volz pleaded guilty to three felony drug offenses and was given intervention in lieu of conviction (ILC). He later violated ILC and was sentenced to four years of community control and ordered into a lockdown residential facility. In the third Clermont County case (2021-CR-0473), Volz was convicted of another felony drug offense and sentenced to four years of community control. Lastly, in the Warren County case (2021-CR-038454), he was convicted of escape and sentenced to 12 months in prison.

{¶3}   By committing the offense in the Warren County case, Volz violated the terms of his community control sanctions in the three Clermont County cases, so community control was revoked and sentence was imposed. For the misdemeanor in the first case, the trial court sentenced him to a 180-day concurrent jail term. And for each of the four drug offenses in the second and third cases, the court sentenced Volz to a 9-month prison term. The court ordered him to serve the prison terms consecutive to each other and consecutive to the prison term imposed in the Warren County case.

{¶4}   Volz appealed.

**II. Analysis**

{¶5}   The sole assignment of error alleges:

{¶6}   THE TRIAL COURT ERRED IN ORDERING APPELLANT'S TERMS OF IMPRISONMENT TO RUN CONSECUTIVELY.

{¶7}   Volz contends that his sentence is contrary to law because at the sentencing hearing the trial court failed to make all the findings that R.C. 2929.14(C)(4) requires before

consecutive sentences may be imposed.

{¶8} A felony sentence is reviewed under the standard in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) states that an appellate court may modify or vacate a sentence if the court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

{¶9} When imposing consecutive sentences, a sentencing court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender *and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public*, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the

offender and to defense counsel." *Id.* at ¶ 29, citing Crim.R. 32(A)(4). "[A] word-for-word recitation of the language of the statute is not required," though, "and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶10} The trial court here included all the necessary findings to support the imposition of consecutive sentences in the sentencing entry. But Volz contends that at the sentencing hearing the court failed to make the required proportionality finding, that consecutive service is not disproportionate to the seriousness of his conduct or to the danger he poses to the public.

{¶11} At the sentencing hearing, the trial court started the following regarding its decision to impose consecutive sentences:

> The imposition of consecutive terms [is] necessary to protect the public and punish you. Your history of criminal conduct in the rates [sic] that consecutive sentences are necessary to protect the public and - from future crime by you. These are separate offenses committed different days, different times. It would be inappropriate to run them together. Crime, again, is not cheaper by the dozen. There are separate harms involved, and they should be imposed separately. And certainly, you committed the Warren County Court case while on probation to the Court, which is another factor that consecutive sentences are necessary.

While the court plainly made two of the required consecutive sentencing findings, it appears that the court forgot about the proportionality finding.

{¶12} The state argues that the proportionality finding can be discerned from the trial court's above-quoted statements. The court had obviously done its homework and knew about Volz's criminal record. We can discern from the court's statements that, because of his criminal history, the court found a need to protect the public and to punish Volz. We can further discern that the court found that because he committed the offenses

separately, on different days and at different times, the court thought that separate sentences were appropriate. But the court never addressed the proportionality of consecutive sentences to the seriousness of Volz's conduct and the danger he posed to the public.

{¶13} While we appreciate the state's argument, ultimately, we conclude that the trial court did not make the proportionality finding mandated by R.C. 2929.14(C)(4) before sentencing. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 33-34; *State v. Holmes*, 1st Dist. Hamilton Nos. C-210194, C-210195, C-210196, 2021-Ohio-3807, ¶ 6. While we imagine that the trial court likely did consider the proportionality analysis of R.C. 2929.14(C)(4), the statute does not permit us to infer its consideration in this case. The record does not demonstrate that the court engaged in the proportionality analysis before sentencing Volz. Although in the sentencing entry the trial court made all the required findings, because the court did not make the proportionality finding at the sentencing hearing, the imposition of consecutive sentences is contrary to law. *See State v. Jones*, 12th Dist. Brown No. CA2014-09-017, 2015-Ohio-2314, ¶ 25 (consecutive sentences contrary to law because trial court made proportionality finding at sentencing but failed to make the other statutorily required findings).

### III. Conclusion

{¶14} Volz's sole assignment of error is sustained. The consecutive sentences are vacated, and that aspect of the trial court's judgment is reversed. This case is remanded for resentencing on the matter of consecutive sentences.

M. POWELL, P.J., and HENDRICKSON, J., concur.