[Cite as *State v. Tolliver*, 2025-Ohio-132.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-06-013 |
| | : | O P I N I O N |
| - vs - | | 1/21/2025 |
| | : | |
| LAMAR D. TOLLIVER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WASHINGTON COURT HOUSE MUNICIPAL COURT
Case No. TRC 2401853 1, 2, 3


Mark J. Pitstick, for appellee.

Shannon M. Treynor, for appellant.


**HENDRICKSON, J.**

{¶ 1}  Appellant, Lamar Tolliver, appeals the decision of the Washington Court House Municipal Court sentencing him to 180 days in jail.[1]  For the reasons detailed below, we affirm in part, reverse in part, and remand for the limited purposes of issuing a nunc pro tunc sentencing entry.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

**{¶ 2}** Tolliver pled guilty to driving under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a) and driving under suspension ("DUS") in violation of R.C. 4510.111. During the sentencing hearing, the municipal court noted that Tolliver had an extensive criminal history, which included a trafficking conviction and two convictions for possession of weapons under disability.

**{¶ 3}** At the conclusion of the sentencing hearing, the municipal court sentenced Tolliver on the OVI to 180 days in jail, imposed a $575.00 fine, and further suspended Tolliver's driver's license for two years. The municipal court imposed a $200.00 fine for DUS. The municipal court later issued separate journal entries, which Tolliver argues are inconsistent with the municipal court's oral pronouncements. The journal entry on Tolliver's OVI conviction stated:

> WHEREUPON, this matter was heard and the evidence adduced, the defendant plead J-Guilty to the charge of OVI/ALCOHL/DRUG in violation of 4511.19A1A and a finding of G was entered thereon. The Court fined the defendant the sum of $ and was ORDERED to pay the court costs for which judgment is hereby rendered. The defendant is further ORDERED to serve a jail sentence of 180 days suspended ___ days. Defendant's operator's license is hereby suspended from *06/10/2024 to 06/10/2025.*
>
> IT IS FURTHER ORDERED
>
> 575 FINE and COSTS 2 YEAR DL SUSP
>
> 180 DAYS CAN DO WORK PROGRAM

(Emphasis added). The journal entry on Tolliver's DUS conviction stated:

> WHEREUPON, this matter was heard and the evidence adduced, the defendant plead J-Guilty to the charge of OL FORF/CLD SUP in violation of 4510.111 and a finding of G was entered thereon. The Court fined the defendant the sum of $ and was ORDERED to pay the court costs for which judgment is hereby rendered. The defendant is further ORDERED to serve a jail sentence of ___ days suspended ___ days. Defendant's operator's license is hereby suspended from ___ to ___.

IT IS FURTHER ORDERED

200 FINE AND COSTS

Tolliver now appeals, raising two assignments of error for review.[2]

**{¶ 4}** Assignment of Error No. 1:

**{¶ 5}** THE COURT COMMITTED REVERSIBLE ERROR BY EXECUTING JOURNAL ENTRIES WHICH CONTAINED INCONSISTENT SENTENCING TERMS.

**{¶ 6}** In his first assignment of error, Tolliver argues the municipal court's sentencing entries are inconsistent with regard to the length of his driver's license suspension and the amount of fines imposed. Therefore, Tolliver argues that this matter should be remanded for issuance of a nunc pro tunc entry.

**{¶ 7}** As we have previously stated, imperfect sentencing entries can be corrected through a nunc pro tunc entry. *State v. Goldberg*, 2023-Ohio-2633, ¶ 52 (12th Dist.). Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The purpose of a nunc pro tunc entry under Crim.R. 36 is to record actions that actually were taken but not correctly recorded." *State v. Rodriguez*, 2024-Ohio-5632, ¶ 23 (12th Dist.).

### Driver's License Suspension

**{¶ 8}** Following review, we find Tolliver's argument has merit with regard to the driver's license suspension resulting from his OVI conviction. During the sentencing hearing, the municipal court stated that it was imposing a two-year driver's license suspension. The municipal court's sentencing entry reflects the fact that it was likewise imposing the two-year driver's license suspension, however, the entry also states that the

---

2. The State has not filed an appellee brief in this case.

suspension will be in effect for only one year between June 10, 2024 and June 10, 2025. Accordingly, there is a clerical error in the sentencing entry that should be resolved with the municipal court issuing a nunc pro tunc entry clarifying the order.

### Fines Imposed

{¶ 9} Though Tolliver claims otherwise, we find further clarifying orders are not required as to the imposition of fines. In this case, the municipal court appears to have used form entries with some details typed in. As relevant here, the municipal court left blank spots where it could have written in the amount of the fine imposed; instead, the municipal court typed in the amount of the fine at the bottom of the entries under the phrase "IT IS FURTHER ORDERED." The fine imposed for each offense was consistent with the oral pronouncements at the sentencing hearing. That is, the municipal court imposed a $575 fine for the OVI and a $200 fine for DUS.

{¶ 10} Tolliver's first assignment of error is sustained in part and overruled in part.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE COURT COMMITTED PLAIN ERROR BY IMPOSING A MAXIMUM SENTENCE OF INCARCERATION ON THE DEFENDANT FOR SIMPLE OVI WHERE SIMILAR OFFENDERS RECEIVED, ON AVERAGE, A 3-DAY SENTENCE

{¶ 13} In his second assignment of error, Tolliver argues the municipal court committed plain error by imposing a maximum sentence of incarceration where "similar offenders" received lesser terms. A misdemeanor sentence is typically reviewed for an abuse of discretion. *State v. Jezioro*, 2017-Ohio-2587, ¶ 6 (12th Dist.). However, Tolliver concedes that because he failed to object to the alleged disproportionality of his sentence in the municipal court, he is limited to a plain error review. *State v. Martin*, 2016-Ohio-885, ¶ 7 (7th Dist.). Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the

court." An error does not rise to the level of a plain error unless, but for the error, the outcome would have been different. *State v. Ruth*, 2020-Ohio-4506, ¶ 11 (12th Dist.).

{¶ 14} Pursuant to R.C. 2929.21(B):

> A sentence imposed for a misdemeanor or minor misdemeanor . . . shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with sentences imposed for similar offenses committed by similar offenders*.

(Emphasis added).

{¶ 15} In an attempt to show that his sentence was not consistent with those in similar cases, Tolliver cites 24 separate cases involving varying sentences. Tolliver selectively cites information from those cases, such as the offense, whether the charge was reduced, and whether the relevant offender received a term of incarceration. However, no specific information about those cases (or information about the offenders) is included. Furthermore, consistency in sentencing does not mean uniformity. *State v. Micomonaco*, 2012-Ohio-5239, ¶ 49 (12th Dist.). *See State v. Sarigianopoulos*, 2013-Ohio-5772, ¶ 11-13 (7th Dist.) (finding no plain error or abuse of discretion in OVI sentencing). A consistent sentence is not derived from a case-by-case comparison, but from the court's proper application of the statutory sentencing guidelines. *Micomonaco* at ¶ 49.

{¶ 16} The municipal court noted that Tolliver had been shown leniency in the past, which had not succeeded. Further concerning, however, is that Tolliver did not appear to appreciate the wrongfulness of his conduct or show any genuine remorse. During sentencing, Tolliver wondered aloud "what caused all this," and suggested the proceedings were inappropriate because he had been cooperative with police during his arrest. Based on our review of the record, we find the record supports the municipal

court's sentencing decision.  Therefore, we deny Tolliver's argument that the municipal court committed plain error.  Tolliver's second assignment of error is overruled.

{¶ 17} Judgment affirmed in part, reversed in part, and the matter remanded for the limited purpose of issuing a nunc pro tunc sentencing entry.

BYRNE, P.J., and PIPER, J., concur.