[Cite as *State v. Schaffer*, 2025-Ohio-1494.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-06-041 |
| | : | O P I N I O N |
| - vs - | | 4/28/2025 |
| | : | |
| JENNIFER SCHAFFER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR41031

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Johnna M. Shia, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Jennifer Schaffer, appeals her conviction in the Warren County Court of Common Pleas after a jury found her guilty of one count of illegal conveyance of drugs into a detention facility, one count of illegal conveyance of communications devices into a detention facility, two counts of aggravated trafficking in drugs, one count of trafficking in drugs, one count of trafficking in marijuana, and one count of possession of criminal tools. For the reasons outlined below, we affirm Schaffer's conviction in part,

reverse Schaffer's conviction in part, and remand this matter to the trial court for the limited purpose of resentencing.

{¶ 2} On October 2, 2023, the Warren County Grand Jury returned a multi-count indictment charging Shaffer with, among others, the six above-named offenses. The charges arose after it was alleged Schaffer was involved in the conveyance of drugs and cellphones into a detention facility located within Warren County, Ohio on August 31, 2022. Schaffer pled not guilty and was subsequently released on her own recognizance.

{¶ 3} On June 7, 2024, the state moved to amend the date of the offenses set forth in the indictment from a date specific, August 31, 2022, to instead cover all 31 days in August, from August 1, 2022 through August 31, 2022. Schaffer did not object to this amendment. The trial court granted the state's motion on June 13, 2024.

{¶ 4} The state also requested the trial court to instruct the jury on the theory of complicity at Schaffer's trial. Just as with the state's motion to amend, Schaffer did not object to the trial court providing the jury with an instruction on complicity. The matter then proceeded to a two-day jury trial.

{¶ 5} During trial, the jury heard testimony from a total of four witnesses offered by the state. These four witnesses testified and provided evidence that implicated Schaffer in the six above-named offenses. This included one witness specifically testifying that, based on his investigation into the matter, he believed it was Schaffer who had packaged the drugs and cellphones that were later discovered inside the Warren County detention facility.

{¶ 6} Schaffer testified in her own defense claiming she had no knowledge that the packages being conveyed into the Warren County detention facility contained not only cellphones, but also drugs. Following deliberations, the jury returned verdicts finding Schaffer guilty on all six offenses.

{¶ 7} On June 26, 2024, the trial court held a sentencing hearing where it sentenced Schaffer to serve a total, aggregate sentence of five years in prison. This included the imposition of consecutive sentences. The next day, June 27, 2024, Schaffer filed a notice of appeal. Following briefing, on March 19, 2025, Schaffer's appeal was submitted to this court for consideration. Schaffer's appeal now properly before this court for decision, Schaffer has raised three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} SCHAFFER'S INDICTMENT WAS INSUFFICIENT AND VIOLATED HER DUE PROCESS RIGHTS.

{¶ 10} In her first assignment of error, Schaffer argues the trial court erred by amending the indictment to include a "30-day time span" and by instructing the jury on a "theory of complicity." This is because, according to Schaffer, such an amendment, combined with a complicity instruction, changed the "substance of the offenses" from her being the "principal offender to convey illegal contraband" to her "merely taking some part in committing the offenses within a 30-day time frame," thereby prejudicing her defense at trial. We disagree.

{¶ 11} As noted above, Schaffer did not object to the trial court amending the indictment to include a "30-day time span." Schaffer also did not object to the trial court instructing the jury on a "theory of complicity." Schaffer, therefore, waived all but plain error on appeal. *State v. Stodgel*, 2013-Ohio-1109, ¶ 19 (12th Dist.). Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "An error does not rise to the level of a plain error unless, but for the error, the outcome would have been different." *State v. Tolliver*, 2025-Ohio-132, ¶ 13 (12th Dist.). "Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of

justice." *State v. Burson*, 2025-499, ¶ 32 (12th Dist.).

{¶ 12} Crim.R. 7(D) provides that a trial court may amend an indictment any time before, during, or after a trial to correct "any defect, imperfection, or omission in form or substance, or [to conform to] any variance with the evidence, provided no change is made in the name or identity of the crime charged." "Determining whether the 'name' of a crime is changed is a relatively simple proposition." *Stodgel* at ¶ 22. "Where the 'name' of the crime remains the same, even after amendment, there is no violation of Crim.R. 7(D) regarding that prohibition." *State v. Craft*, 2009-Ohio-675, ¶ 23 (12th Dist.). "On the other hand, an inquiry into whether the 'identity' of a crime has been changed requires a more searching analysis." *Stodgel*, 2013-Ohio-1109. "If an amendment changes the penalty or degree of the charged offense, it changes the identity of the offense and is not permitted by Crim.R. 7(D)." *State v. Bradley*, 2017-Ohio-7121, ¶ 19 (12th Dist.). "The rule ensures that a defendant will not be 'surprised' by a new charge." *Id.*

{¶ 13} Here, as it relates to the "30-day time span" amendment, the amendment added no new language to the indictment, nor did it add any additional elements that the state was required to prove. The amendment merely changed the date on which the offenses were alleged to have occurred. This does not constitute a change to the name or identity of the crimes charged. *See, e.g. State v. Collinsworth*, 2004-Ohio-5902, ¶ 24 (12th Dist.) ("Because the dates and times of the offenses alleged in this case are not essential elements of the crimes charged, the amendment to the indictment did not violate the requirements of Crim.R. 7. We find then, as a matter of law, that changing the dates of the offenses from 1997 to 1996 made no change to the name or identity of the crime with which appellant was charged."); *State v. Hibbard*, 2003-Ohio-707, ¶ 46-49 (12th Dist.) (amending an indictment to reflect that the offenses occurred on different dates than what was originally alleged in the indictment was not violative of Crim.R. 7[D] because

the amendment did not alter the name or identity of the crimes charged); *see also State v. Randazzo*, 2002-Ohio-2250, ¶ 21 (8th Dist.) ("the indictment merely changed the date of the offense. It, in no way, altered the name or identity of the crime charged . . . .").

{¶ 14} Furthermore, as it relates to the "theory of complicity" instruction the trial court provided to the jury, no error occurred. We have rejected this exact argument before and do so again in this case. *See, e.g., State v. Tumbleson*, 105 Ohio App.3d 693, 697 (12th Dist.1995) ("Crim.R. 7[D] allows the court to amend an indictment at any time before, during or after trial as long as no change is made in the name or identity of the crime charged. In this case, appellant was indicted for aggravated robbery as a principal offender but the court advised the jury that he could be found guilty of complicity to commit aggravated robbery. The name and identity of the crime charged, aggravated robbery, did not change. Therefore, we find no violation of Crim.R. 7[D].").

{¶ 15} In so holding, we note that Schaffer failed to establish that she was prejudiced or in any way misled by the amendment to the indictment. The same holds true as it relates to the trial court's "theory of complicity" jury instruction. The original indictment informed Schaffer of all the alleged facts and all the elements of the offenses charged. Therefore, Schaffer received adequate notice of the charged offenses and had the opportunity to defend herself against those charges at trial. Accordingly, the trial court did not err, plain or otherwise, and Schaffer's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} SCHAFFER'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE NOR THE WEIGHT OF THE EVIDENCE.

{¶ 18} In her second assignment of error, Schaffer argues her conviction for one count of illegal conveyance of drugs into a detention facility, two counts of aggravated trafficking in drugs, one count of trafficking in drugs, and one count of trafficking in

marijuana were not supported by sufficient evidence and were against the manifest weight of the evidence.[1] To support this claim, Shaffer argues that "[t]here was no evidence that [she] knew about the drugs, delivered the drugs, packaged the drugs, nor assisted anyone to convey the drugs." However, as a simple review of the record reveals, Schaffer's argument is based solely on her own self-serving testimony elicited at trial. The jury clearly found Schaffer's testimony lacked credibility, whereas the state's four witnesses did not. This was not error "for it is well established that the jury, as the trier of fact, was free to believe all, part, or none of each witnesses' testimony who appears before it." *State v. Cast*, 2022-Ohio-3967, ¶ 23 (12th Dist.).

{¶ 19} "We must defer to the jury's determinations of the witnesses' credibility." *State v. Reed*, 2023-Ohio-878, ¶ 42 (12th Dist.). "This is why a conviction is not against the manifest weight of the evidence simply because the jury chose to believe the testimony and evidence presented by the state as opposed to what was presented by the accused." *State v. Nkoyi*, 2024-Ohio-3144, ¶ 40 (12th Dist.). Rather, it is only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of acquittal will this court overturn a conviction on manifest weight of the evidence grounds. *State v. Ridenour*, 2023-Ohio-2713, ¶ 50 (12th Dist.). This is not one of those extraordinary cases where the evidence presented at trial weighs heavily in favor of acquittal. Therefore, because a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency, *State v. Thompson*, 2024-Ohio-2112, ¶ 14 (12th Dist.), Schaffer's second assignment of error also lacks merit and is overruled.

{¶ 20} Assignment of Error No. 3:

---

1. Schaffer does not challenge her conviction for single counts of illegal conveyance of communications devices into a detention facility or possession of criminal tools.

{¶ 21} THE IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD.

{¶ 22} In her third assignment of error, Schaffer argues the trial court erred by imposing consecutive sentences in this case. Specifically, Schaffer argues the trial court's imposition of consecutive sentences was error because the trial court failed to make the necessary consecutive sentence findings required by R.C. 2929.14(C)(4) at her sentencing hearing. The state concedes, and we agree, that the trial court erred in this regard.

{¶ 23} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. The imposition of consecutive sentences in this case was therefore contrary to law and must be reversed and remanded for resentencing. *State v. Volz*, 2022-Ohio-4134, ¶ 13 (12th Dist.). This holds true even though the trial court's sentencing entry contains the requisite findings for "Ohio law is clear that the findings must be made at the sentencing hearing as well as in the sentencing entry." *State v. Ward*, 2024-Ohio-2858, ¶ 18 (12th Dist.). Accordingly, finding merit to Schaffer's argument raised herein, Schaffer's third assignment of error is sustained.

{¶ 24} Judgment affirmed in part, reversed in part, and this case is remanded for the limited purpose of resentencing.

BYRNE, P.J., and M. POWELL, J., concur.