[Cite as *State v. Chatman*, 2019-Ohio-5026.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-02-034 |
| Appellee, | : | O P I N I O N<br>12/9/2019 |
| | : | |
| - vs - | : | |
| | : | |
| TEVIAN R. CHATMAN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-08-1486


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for appellant


**M. POWELL, J.**

{¶ 1} Appellant, Tevian Chatman, appeals from his convictions in the Butler County Court of Common Pleas following his guilty plea to two counts of endangering children. For the reasons set forth below, we affirm Chatman's convictions.

{¶ 2} In August 2018, Chatman was indicted on four counts of endangering children. Thereafter, in December 2018, Chatman pled guilty to two counts of endangering

children, one count in violation of R.C. 2919.22(B)(1), a second-degree felony, and one count in violation of R.C. 2919.22(A), a third-degree felony. In consideration of Chatman's guilty plea, the state agreed to dismiss the remaining two charges, but expressly "reserve[d] the absolute right to file additional criminal charges if the victims were to die as a result of the injuries caused by [Chatman], as stated in the bill of particulars (the "reservation provision")."

{¶ 3} After a hearing, the trial court accepted Chatman's guilty plea and sentenced him to five years in prison for the violation of R.C. 2919.22(B)(1) and 24 months in prison for the violation of R.C. 2919.22(A). The trial court ordered the prison terms to be served consecutively, for an aggregate sentence of seven years in prison.

{¶ 4} Chatman now appeals, raising one assignment of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} MR. CHATMAN'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶ 7} Chatman argues that his guilty plea was not knowing, intelligent, or voluntary because the trial court failed to determine that Chatman subjectively understood the effect of his plea. We find no merit to Chatman's argument.

{¶ 8} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7. To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Id.*

{¶ 9} As relevant here, pursuant to Crim.R. 11(C)(2), the trial court may not accept

a defendant's guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Shavers*, 12th Dist. Butler No. CA2014-05-119, 2015-Ohio-1485, ¶ 9. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, an appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effects of his plea. *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 11} It is undisputed that the trial court strictly complied with the constitutional requirements of Crim.R. 11(C)(2)(c). With respect to the required notifications regarding constitutional rights, the trial court advised Chatman that a guilty plea would waive his rights to: a trial of the charges; require the state to prove his guilt beyond a reasonable doubt; confront witnesses against him; subpoena witnesses in his defense; remain silent; and take

the stand in his own defense. Chatman affirmed that he understood the rights he was waiving.

{¶ 12} Instead, Chatman argues on appeal that the trial court erred by failing to inform him that he could be charged with murder and "face a possible life sentence." Thus, Chatman maintains "there is no conceivable way [he] understood the effect of pleading guilty[,]" and, as a result, the trial court failed to substantially comply with Crim.R. 11(C)(2)(b).

{¶ 13} According to the Ohio Supreme Court, in order to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 25. In relevant part, Crim.R. 11(B) states that a plea of guilty is a complete admission of the defendant's guilt to the offense or offenses to which the plea is entered. "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-11. Under this standard, a slight deviation from the text of the rule is permissible as long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 14} Here, the record indicates that on December 10, 2018, Chatman signed a plea of guilty and jury waiver (the "plea form"). Pursuant to the plea form, Chatman acknowledged that he was entering guilty pleas to two charges of endangering children in exchange for the dismissal of the remaining charges of the indictment. Chatman further acknowledged that the state reserved the right to file additional charges against him if the

victims were to die as a result of their injuries.

{¶ 15} At the plea hearing, the trial court confirmed that Chatman was entering a plea of guilty to two counts of child endangering and advised Chatman that "a plea of guilty is a complete admission of guilt." Chatman responded that he understood. Regarding the plea form, the trial court engaged in the following discussion with Chatman:

> The Court: Okay. All right. Let's talk about something a little less complicated. Let's talk about the plea form for a second. I'm going to show you this document. It's two sides. Have you seen that before?
>
> The Defendant: Yes.
>
> The Court: Did you have a chance to read it?
>
> The Defendant: Yes, sir.
>
> The Court: Did you discuss it with your lawyer?
>
> The Defendant: Yes.
>
> The Court: Did he answer all of your questions?
>
> The Court: Yes, sir.
>
> The Court: Once you discussed the plea form with your attorney, did you understand what it said and what it meant?
>
> The Defendant: Yes, sir.
>
> The Court: Back side of the document there are three signatures. * * * The very first signature would be to your left. I'm pointing at it. It appears to be your signature. Did you sign the plea form?
>
> The Defendant: Yes, sir.

The trial court then asked Chatman if he had any questions involving the plea or the plea form. Chatman responded, "no," and confirmed that he had no questions.

{¶ 16} The record further reflects that the state noted its reservation to file additional charges pursuant to the plea form near the conclusion of the plea hearing. In doing so, the trial court stated the following:

The Court: Anything else we need to address?

[The State]: And Your Honor, I just want to verify. I assume you went over this, but I had stepped out of the room briefly. About the State reserving the right to file additional charges.

The Court: I did not cover it.

[The State:] Okay.

The Court: I know that's on the plea form * * * as part of the plea agreement that's been signed off on, so that is incorporated into the plea.

At that time, Chatman did not dispute or otherwise respond to the trial court's statement.

{¶ 17} After a review of the record, we find that Chatman's plea was knowingly, intelligently, and voluntarily entered and that the trial court substantially complied Crim.R. 11(C)(2)(b). Chatman argues the trial court erred by failing to discuss the reservation provision at the plea hearing and failing to inform Chatman of the potential penalties he could face if the state filed additional charges. However, such a discussion is not necessary to comply with Crim.R. 11(C)(2) or to inform Chatman of the effect of his plea. Rather, the trial court was required to inform Chatman that his guilty plea was a complete admission of his guilt to the offenses of children endangerment, which the record indicates it did. As such, it is evident from the record that the trial court sufficiently informed Chatman of the effect of his plea, as defined by Crim.R. 11(B), and that Chatman affirmatively responded to the trial court's information.

{¶ 18} We also disagree with Chatman's contention that the trial court "wholly failed to inquire as to whether * * * Chatman understood" the reservation provision. The record reflects that the state included a handwritten provision on the plea form that reserved its right to file additional charges against Chatman under certain circumstances. Chatman affirmatively stated at the plea hearing that he had read the plea form, front and back, understood what the form said, and understood what its terms meant. Chatman further

- 6 -

indicated he had discussed the plea form with his attorney, who had answered his questions. When considering the statements made at the plea hearing, and Chatman's indication that he reviewed and understood the plea form, Chatman's assertions of ignorance regarding the consequences of his guilty plea are without merit. While the trial court did not address each provision of the plea form individually, Chatman confirmed at the hearing that he had reviewed the form in its entirety and understood its terms. Furthermore, Chatman expressed no confusion regarding his guilty plea or the consequences thereof at any stage of the proceedings, including after the trial court and the state noted the state's ability to file additional charges. As a result, there is nothing in the record to adequately support the assertion that Chatman did not understand the effect of the guilty plea to the endangering children charges or that the state was reserving the right to file additional charges if the victims were to die as a result of their injuries.

{¶ 19} Lastly, despite Chatman's claims that the plea form should have explained the maximum sentence he could face if the state brought murder charges against him, such an explanation is not required for the state to reserve its right to file additional charges after Chatman's plea. *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, ¶ 26; *State v. Carpenter*, 68 Ohio St.3d 59 (1993), syllabus. Moreover, the fact that the state reserved the right to file additional charges against Chatman is unrelated to the penalty he faced for the offenses that were the subject of his plea. We further note that any discussion concerning the maximum sentence for future unknown charges would have been speculative and difficult for the trial court to explain. That is because the severity of and penalty for any future charges were unknown at the time of Chatman's plea. As such, the trial court did not err in declining to explain the potential maximum penalty for any future charges brought against Chatman.

{¶ 20} As a result, we find the totality of the circumstances surrounding Chatman's

plea demonstrates that he subjectively understood the effects of his plea, including the state's reservation of the right to file additional charges. Consequently, the trial court substantially complied with Crim.R. 11(C)(2)(b), and sufficiently informed Chatman of the effect of his guilty plea to the two counts of children endangerment.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.