[Cite as *State v. Henson*, 2022-Ohio-2828.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-029 |
| | : | O P I N I O N |
| - vs - | | 8/15/2022 |
| | : | |
| DAVID A. HENSON II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20210218

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**PIPER, P.J.**

{¶ 1} Appellant, David Henson, was indicted on two counts of sexual battery by a Fayette County Grand Jury. On October 7, 2021, Henson entered into a plea agreement with the state, pleading guilty to both counts of sexual battery, felonies in the third-degree. The trial court sentenced Henson to 60 months in prison on one count and 48 months in prison on the other count and ordered those terms be served consecutively for a total prison

term of nine years. Henson timely appeals, raising a single assignment of error for review:

{¶ 2} THE TRIAL COURT ERRED WHEN IT ACCEPTED THE DEFENDANT-APPELLANT'S GUILTY PLEA WITHOUT ENSURING THE DEFENDANT-APPELLANT UNDERSTOOD THE EFFECT OF HIS PLEA, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER CRIM. R. 11(C)(2)(b).

{¶ 3} In his sole assignment of error, Henson alleges the trial court erred by accepting his guilty plea because the record does not support the finding that he understood the effect of his guilty plea.

{¶ 4} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Parker*, 12th Dist. Butler No. CA2018-12-229, 2020-Ohio-414, ¶ 18. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 16.

{¶ 5} According to Crim.R. 11(C)(2):

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> * * *
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 6} The supreme court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. *State v.*

*Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 11.  In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)" i.e., that "the plea would not have otherwise been made." *Id.* at ¶ 16.  However, there are two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)."  *Id.* at ¶ 15.  Under either exception, the defendant is not required to show prejudice.  *Luttrell* at ¶ 17.

{¶ 7}  On appeal, Henson argues that the trial court failed to comply with Crim. R. 11(C)(2)(b), which requires the trial court inform and determine whether the defendant understands the effect of the plea of guilty or no contest.  While Henson acknowledges the trial court made "some comment" that the state "might attempt to construe as a try at ensuring [he] knew the effect of his plea," he nevertheless downplays those comments as referring to other aspects of Crim. R. 11.  In acknowledging some comment was made as to the effect of Henson's guilty plea, Henson must establish how he was prejudiced.  He fails to do so.

{¶ 8}  We have thoroughly and carefully reviewed the entirety of the plea hearing and conclude that the trial court advised Henson of all the constitutional requirements of Crim.R. 11(C)(2)(c), there was no "complete failure" of any portion of Crim. R. 11(C), and his plea was knowing, voluntary, and intelligent in all respects.  *Luttrell*, 2022-Ohio-1148 at ¶ 17.  Although the trial court did not use the exact phrase that "a guilty plea is a complete admission of guilt," the trial court did inform Henson that "a plea of guilty to each of these counts of Sexual Battery simply admit the facts set out in the indictment" and fully explained the constitutional rights being waived.  *Dangler*, 162 Ohio St.3d 1 at ¶ 12 (the focus is not whether the trial judge "incanted the precise verbiage of the rule," but on whether the

dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea).

{¶ 9} The trial court confirmed that Henson was making his plea voluntarily and that he understood the maximum penalty involved. If anything, the trial court went to additional lengths to conclude that Henson understood the effect of his guilty plea. The trial court stated that it was not going to place him on probation and was going to impose a prison sentence. The trial court fully explained postrelease control and the requirement that Henson register as a sex offender. The trial court also explained the rights Henson was waiving by pleading guilty, including his right to a 12-person jury trial, to confront witnesses, to have compulsory process, and the state's burden of proof at a trial in which he could not be compelled to testify. The prosecutor read the relevant facts into the record, which Henson confirmed was accurate. Following the conclusion of the colloquy, Henson stated that he was voluntarily entering his plea and then proceeded to enter his guilty plea. Accordingly, we find no constitutional infirmity in Henson's guilty plea and conclude that he entered his plea knowingly, intelligently, and voluntarily. Henson's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.