[Cite as *State v. Hawkins*, 2023-Ohio-2915.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-02-013 |
| | : | O P I N I O N |
| - vs - | | 8/21/2023 |
| | : | |
| BETHANIE J. HAWKINS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-07-0968

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Bethanie Hawkins, appeals her conviction and sentence in the Butler County Court of Common Pleas following her guilty plea to grand theft of a motor vehicle.

{¶ 2} Appellant was indicted in August 2022 on one count of grand theft of a motor vehicle, a fourth-degree felony. Following the trial court's denial of her motion for

intervention in lieu of conviction, appellant agreed to plead guilty as charged. During the plea hearing, the trial court's Crim.R. 11 colloquy included an admonition that "[w]hen you come in and plead guilty though you are talking about the allegations, you're admitting your guilt." Upon appellant's acknowledgment and waiver of her rights, the trial court accepted her guilty plea. The trial court sentenced appellant to 18 months in prison. At the sentencing hearing, the trial court awarded appellant 90 days of jail-time credit; however, the sentencing entry only awarded her 76 days of jail-time credit.

{¶ 3} Appellant now appeals, raising two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶ 6} Appellant argues that she did not knowingly, intelligently, or voluntarily enter her guilty plea because the trial court failed to comply with Crim.R. 11(C)(2)(b) when it did not inform her that her guilty plea was a complete admission of guilt during the plea colloquy. Appellant asserts that the trial court's failure is a complete failure to comply with Crim.R. 11(C)(2)(b); therefore, she is not required to show prejudice as a predicate to vacation of her guilty plea.

{¶ 7} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 16.

{¶ 8} As pertinent here, Crim.R. 11(C)(2)(b) provides that a trial court shall not

accept a guilty plea "without first addressing the defendant personally and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty * * * , and that the court, upon acceptance of the plea, may proceed with judgment and sentence." In turn, Crim.R. 11(B)(1) sets forth the effect of a guilty plea and provides that a "plea of guilty is a complete admission of the defendant's guilt."

{¶ 9} The supreme court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 11. In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. However, there are two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice. *Id.* at ¶ 14-16. "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

{¶ 10} Upon reviewing the plea colloquy, we find that the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b). Although the trial court did not use the exact phrase of Crim.R. 11(B)(1) or inform appellant that her guilty plea was a *complete* admission of guilt, the trial court did inform appellant that "[w]hen you come in and plead guilty though you are talking about the allegations, you're admitting your guilt." *See State v. Henson*, 12th Dist. Fayette No. CA2021-12-029, 2022-Ohio-2828; *State v. Kauffman*, 8th Dist. Cuyahoga No. 109579, 2021-Ohio-1584. We have held that a complete failure to comply "involves a trial court's complete omission in advising about a distinct component of [Crim.R. 11(C)(2)(a) or (b)]. By contrast, a trial court's mention of a component of [Crim.R.

11(C)(2)(a) or (b)] during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with [the rule]." *See State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20. The Ohio Supreme Court has recently held, "[the] focus in enforcing Crim.R. 11 has not been on whether the trial judge has '[incanted] the precise verbiage' of the rule, but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." (Citation omitted.) *State v. Tancak*, Slip Opinion No. 2023-Ohio-2578, ¶ 16.

{¶ 11} Therefore, because the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b), appellant must establish she was prejudiced by the trial court's incomplete or inaccurate advisement in order to have her guilty plea vacated.

{¶ 12} The test for prejudice is whether the plea would have otherwise been made. *Griggs*, 2004-Ohio-4415 at ¶ 12. Prejudice must be established on the face of the record and not solely by virtue of challenging a plea on appeal. *Dangler*, 2020-Ohio-2765 at ¶ 24. Appellant does not argue prejudice in her brief and did not assert actual innocence during the plea hearing. "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Griggs* at ¶ 19. "In such circumstances, a court's failure to inform the defendant of the effect of his guilty pleas as required by Crim.R. 11 is presumed not to be prejudicial." *Id.*

{¶ 13} Consequently, because the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b), appellant has not established prejudice, and there is nothing in the record to support a conclusion that appellant would not have entered her guilty plea had the trial court informed her that a guilty plea was a complete admission of guilt, appellant is not entitled to have her guilty plea vacated. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093.

{¶ 14} Appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED BY AWARDING LESS JAILTIME CREDIT IN THE SENTENCING JUDGMENT THAN IT DID AT SENTENCING IN THE DEFENDANT'S PRESENCE.

{¶ 17} Appellant argues that the trial court erred by awarding her 76 days of jail-time credit in the sentencing entry when it had awarded her 90 days of jail-time credit at the sentencing hearing. The state concedes that the amount of jail-time credit in the sentencing entry is likely a clerical error that can be corrected by a nunc pro tunc entry on remand.

{¶ 18} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error or mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 15. A trial court may issue a nunc pro tunc entry "to correct clerical mistakes so that the sentencing entry accurately reflects what the court actually decided." *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712, ¶ 45.

{¶ 19} Appellant's second assignment of error is sustained and this matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry that properly reflects that appellant is entitled to 90 days of jail-time credit rather than 76 days of jail-time credit. *State v. Smith*, 12th Dist. Butler No. CA2021-07-085, 2022-Ohio-564, ¶ 20; *State v. Kinley*, 1st Dist. Hamilton No. C-190270, 2020-Ohio-542, ¶ 16.

{¶ 20} Judgment affirmed in part, reversed in part, and remanded.

S. POWELL, P.J., and HENDRICKSON, J., concur.