[Cite as *State v. Gross*, 2024-Ohio-2598.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-10-092 |
| | : | O P I N I O N |
| - vs - | | 7/8/2024 |
| | : | |
| RONALD GROSS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37287

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., Christopher J. Pagan, for appellant.


**PIPER, J.**

{¶ 1} Appellant, Ronald Gross, timely appeals the sentence stemming from 16 counts related to the manufacture, possession, and trafficking of anabolic steroids (all felonies in the third degree) as well as from one count of possession of cocaine (a felony in the fifth degree).

{¶ 2} Gross was indicted on 58 drug related charges. The case proceeded to a

bench trial, but on the second day of trial, Gross pled guilty to 16 felonies of the third degree and one felony of the fifth degree. The state dismissed all other charges except one count each of trafficking in and possession of a fentanyl-related compound. After the bench trial, the court found Gross not guilty of those two charges.

{¶ 3} Gross was later sentenced by the trial court. Before announcing Gross' sentence, the trial court stated that it had considered the fact that Gross was a veteran, that Gross had lived a crime-free life before the facts of this case, and that Gross accepted responsibility for his actions. However, the trial court believed these factors were offset by "the amount of trafficking that was involved and the amount of manufacturing, and possession."

{¶ 4} Ultimately, the trial court sentenced Gross to a total of 24 months in prison. The sentence on some convictions were ordered to be served concurrently to each other, but others were ordered to be served consecutively. The trial court stated, "[t]he basis for the consecutive sentence [was] to protect the public and to not demean the seriousness of these offenses." Gross was also ordered to serve three years of postrelease control.

{¶ 5} The trial court's sentencing entry stated:

> The Court finds consecutive sentences are necessary to properly protect the public and to punish the offender, the consecutive sentences are not disproportionate to the seriousness of the offender's conduct or danger posed by the Defendant and . . . the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct . . .

{¶ 6} On appeal, Gross raises a single assignment of error:

{¶ 7}   ASSIGNMENT OF ERROR: THE TRIAL COURT COMMITTED SENTENCING ERROR.

{¶ 8}   Within Gross' assignment of error, he presents four different issues for our review.  We will address each of them.

{¶ 9}   FIRST ISSUE PRESENTED FOR REVIEW AND ARGUMENT: THE TRIAL COURT FAILED TO PRONOUNCE A [POSTRELEASE CONTROL] SANCTION AT SENTENCING, AND THE [POSTRELEASE CONTROL] SANCTION IMPOSED IN THE SENTENCING JUDGMENT IS ERRONEOUS AND OCCURRED OUTSIDE GROSS' PRESENCE IN OPEN COURT.

{¶ 10}  The parties agree the trial court imposed the incorrect postrelease control sanction.  Under R.C. 2967.28(C), a felony of the third, fourth, and fifth degree (that are not sex offenses or felonies of violence) are subject to postrelease control for up to two years.  Postrelease control sanctions must be announced at a sentencing hearing.  *State v. Bates*, 2022-Ohio-475, ¶ 11.  Here, Gross pleaded to 16 felonies of the third degree and one felony of the fifth degree.  None of these were offenses of violence or sex.  Therefore, the trial court could only impose a PRC term of up to two years, not three.  The trial court also did not announce the postrelease control sanction at the sentencing hearing.

{¶ 11}  We sustain Gross' assignment of error as to this issue and will remand this case for resentencing.

{¶ 12}  SECOND ISSUE PRESENTED FOR REVIEW AND ARGUMENT: THE TRIAL COURT FAILED TO PRONOUNCE SUFFICIENT CONSECUTIVE-SENTENCING FINDINGS AT SENTENCING BUT ADDED THEM IN THE SENTENCING JUDGMENT OUTSIDE OF GROSS' PRESENCE IN OPEN COURT.

{¶ 13} Next, Gross argues that the trial court failed to make mandatory findings on the record at his sentencing hearing before imposing consecutive sentences.

{¶ 14} Under R.C. 2929.41 and 2929.14, it is presumed that multiple sentences are run concurrently to each other unless the trial court makes specific findings. These findings are that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender" and (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4). In addition to these two findings, the trial court must also find one of the following: (a) the defendant committed a criminal offense while awaiting trial or sentencing (b) the "harm caused by. . . [the] offenses . . . committed [were] so great or unusual that no single prison term . . . adequately reflects the seriousness of the offender's conduct" and (c) the defendant's criminal history makes consecutive sentences "necessary to protect the public . . ." *Id.* at (C)(4)(a)-(c).

{¶ 15} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29, citing Crim.R. 32(A)(4). "[A] word-for-word recitation of the language of the statute is not required [if] . . . the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings. . ." *Id.* However, an appellate court cannot infer that any of these mandatory findings were made. *State v. Volz*, 2022-Ohio-4134, ¶ 13 (12th Dist.). In addition to making these findings at the sentencing hearing, they must be incorporated into the trial courts' sentencing entry. *State v. Downing*, 2024-Ohio-381, ¶ 17 (12th Dist.).

{¶ 16} Here, the trial court stated solely that "[t]he basis for the consecutive sentence [was] to protect the public and to not demean the seriousness of these

offenses." Such language undoubtedly seeks to satisfy R.C. 2929.14(C)(4)'s general goal of weighing Gross' crimes against the threat it poses to the public. The trial court expressly stated that the consecutive sentences were to protect the public. Further, we can discern from this language that the trial court believed that to not sentence Gross to consecutive time would be to "demean" the import of his convictions and therefore make his sentence disproportional to the crimes he committed.

{¶ 17} However, this language is not sufficient to satisfy any options for the mandatory, third finding of R.C. 2929.14(C)(4)(a)-(c), and specifically (b) - the "offenses . . . committed [were] so great or unusual that no single prison term . . . adequately reflects the seriousness of the offender's conduct." At sentencing, the trial court did mention the "amount" of trafficking, manufacturing, and possession involved in this case. However, that discussion was not directly tied to the trial court's reasoning for imposing consecutive sentences, and it is unclear what the court means by "amount." The trial court could have meant the number of convictions, the volume of drugs involved, or something else. Similarly, when the trial court stated that it imposed consecutive sentences to not "demean the seriousness of *these offenses*" it is unclear if the trial court is referring solely to the crimes Gross committed or to his conduct in committing those crimes.

{¶ 18} Ultimately, the trial court did not speak to whether the circumstances of Gross' crimes were "so great or unusual" that consecutive sentences should be imposed. We cannot assume or infer any of these conclusions, so we must therefore remand this case for resentencing.

{¶ 19} This author has previously written dissents commenting on the perceived redundancies of R.C. 2929.14(C)(4). *State v. Downing*, 2024-Ohio-381, ¶ 68 (12th Dist.) (Piper, J., concurring in part and dissenting in part). *See also State v. Halbert*, 2023-Ohio-4471 (12th Dist.) (Piper, J., concurring in part and dissenting in part), *State v. Gable*,

2024-Ohio-293 (12th Dist.) (Piper, J., dissenting). The statute requires general and particular findings (which can be seen as being in and of themselves redundant) to be directly made not only at the sentencing hearing, but in a sentencing entry as well.

{¶ 20} However, unlike in *Halbert*, where the trial court referenced the defendant's extremely violent and documented criminal history, or in *Downing* where the trial court discussed the defendant's criminal course of conduct over an extended period of time, the issue here is Gross was ultimately not provided with notice about what circumstances in his case overcame the presumption that his sentences should be served concurrently.

{¶ 21} We sustain Gross' assignment of error as to this issue as well.

{¶ 22} THIRD ISSUE PRESENTED FOR REVIEW AND ARGUMENT: BY CLEAR AND CONVINCING EVIDENCE, THE RECORD FAILS TO SUPPORT A FINDING THAT A CONSECUTIVE TERM OF 6 MONTHS WAS PROPORTIONATE FOR CONSTRUCTIVELY POSSESSING 1.3 GRAMS OF COCAINE.

{¶ 23} Gross argues that his consecutive sentence for cocaine possession, a felony in the fifth degree, was not sufficiently supported by the record. Given our conclusions above and the fact this case will be remanded for resentencing, this issue is moot.

{¶ 24} FOURTH ISSUE PRESENTED FOR REVIEW AND ARGUMENT: ANABOLIC STEROIDS ARE A SINGULAR CONTROLLED SUBSTANCE UNDER SCHEDULE III. WHILE 66 COMPOUNDS ARE INCLUDED WITHIN THE DEFINITION OF ANABOLIC STEROIDS, THEY ARE NOT THEMSELVES DISTINCT SUBSTANCES FOR SEPARATE OFFENSES. THUS, GROSS' ANABOLIC STEROID CONVICTIONS SUFFER FROM MULTIPLICITY, AND MUST MERGE INTO A COUNT FOR F3 ILLEGAL MANUFACTURE, F3 TRAFFICKING, AND F3 POSSESSION.

**{¶ 25}** Finally, Gross argues on appeal that his steroid convictions should merge because while his convictions stemmed from various drugs, they are all singularly classified as "anabolic steroids." The parties agree that this issue was not raised at the trial level.

**{¶ 26}** Generally speaking, state and federal law prohibit the punishment of an individual multiple times for the same event. *State v. Maloney*, 2023-Ohio-2711, ¶ 57 (12th Dist.). This prohibition is codified in R.C. 2941.25 and "provides that in determining whether offenses . . . must be merged for sentencing, courts are instructed to consider three separate factors: the conduct, the animus, and the import. *Id.* at ¶ 58. The failure to raise the issue of merger at sentencing forfeits all but "plain error." *State v. Rogers*, 2015-Ohio-2459, ¶ 28. Plain errors are those which affect a substantial right of an individual. Crim.R. 52. On appeal, it is Gross' burden to demonstrate a probability that his offenses should have merged. *Rogers* at ¶ 22.

**{¶ 27}** We find no error, plain or otherwise, in the trial court's refusal to merge Gross' separate convictions stemming from the possession or sale of different anabolic steroids. R.C. 2925.03(A)(2), 2925.04(A), and 2925.11(A) prohibit individuals from knowingly distributing, manufacturing, or possessing "a controlled substance." "Controlled substances" are "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C). Under Adm.Code 4729:9-1-03(E)(2), 66 different "anabolic steroids" are listed as schedule III drugs.

**{¶ 28}** We conclude that different drugs in the same schedule, and even within the same subsection in a schedule, can support separate convictions. In doing so, we observe that our sister courts have decided similarly. *See e.g., State v. Quigley,* 2018-Ohio-1520, ¶ 19 (8th Dist.); *State v. Dukes*, 2017-Ohio-7204, ¶ 80 (4th Dist.). In *Quigley*, the Eight District upheld separate convictions for clonazepam and lorazepam both

schedule IV drugs. *Id.* Notably, both drugs are listed in schedule IV under the subsection - "Depressants." Adm.Code 4729:9-1-04(B)(12), (31). In *Dukes*, the court held the defendant could be convicted for offenses involving both oxycodone and hydrocodone even though both are schedule II drugs. *Dukes* at ¶ 80. Those two drugs are also listed under the same subsection within schedule II - "Narcotics-opium and opium derivates." Adm.Code 4729:9-1-02(A)(1)(k), (q).

{¶ 29} In another Fourth District case, the court upheld the defendant's convictions involving diazepam and alprazolam, both schedule IV substances and listed under the same classification within schedule IV – "Depressants." *State v. Pitts*, 2000 WL 1678020, *11 (4th Dist. Nov. 6, 2000); Adm.Code 4729:9-1-04(B)(2), (17). In *Pitts*, the court observed, "Significantly, the statutory language defines the offenses in terms of 'a controlled substance' and 'the drug involved,' indicating an offense based on *one* controlled substance. The statute therefore suggests that each drug, even if in the same schedule . . . has a significance independent of every other drug." (Cleaned up, emphasis in original.) *Id.*

{¶ 30} While none of these cases directly addressed the issue raised by Gross of whether different drugs falling under the same subsection of a schedule of controlled substances can justify separate convictions, we see no reason to hold otherwise. Similar to the reasoning in *Pitts*, we conclude that each of the 66 anabolic steroids listed in Ohio Adm.Code 4729:9-1-03(E) has a significance independent of any other anabolic steroid. This is why they are individually listed. Therefore, because R.C. 2925.03(A)(2), 2925.04(A), and 2925.11(A) prohibit individuals from knowingly distributing, manufacturing, or possessing "a (*meaning singular*) controlled substance," they criminalize each controlled substance individually and not collectively by schedule or subsection within that schedule.

**{¶ 31}** We overrule Gross' assignment of error as to this issue.

**{¶ 32}** Judgment affirmed in part and reversed in part, and remanded for resentencing.

S. POWELL, P.J., and BYRNE, J., concur.