[Cite as *State v. Ward*, 2024-Ohio-2858.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-11-098 |
| | : | O P I N I O N |
| - vs - | | 7/29/2024 |
| | : | |
| LAUREN MICHAEL WARD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40398

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Alana Van Gundy, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Lauren Michael Ward, appeals her sentence in the Warren County Court of Common Pleas for assault on a police officer and petty theft.

{¶ 2} Ward was indicted in April 2023 on five felony charges and four misdemeanor charges. On September 7, 2023, Ward pled guilty to two counts of fourth-degree felony assault on a police officer and one count of first-degree misdemeanor petty

theft. During the plea hearing, the trial court notified Ward that if she was sentenced to prison, she was subject to discretionary postrelease control of up to two years, that violation of postrelease control may result in her being sent back to prison for nine months per violation up to a total of 18 months, and that commission of a new felony offense while on postrelease control may result in the revocation of postrelease control and imposition of a prison term of the time remaining on postrelease control or one-year, whichever is greater. A similar notification was provided to Ward at an aborted change of plea hearing held earlier on June 13, 2023. Additionally, the change of plea form signed by Ward at the September 7, 2023 plea hearing advised Ward that she was subject to discretionary postrelease control of up to two years, as well as the consequences of violating postrelease control.

{¶ 3} A sentencing hearing was held on October 26, 2023. The trial court summarily referenced postrelease control by stating only, "Incorporate the postrelease control that we addressed at the original plea—time of the original plea." The trial court did, however, include a complete postrelease control notification in the sentencing entry. The trial court sentenced Ward to nine months in prison on each of the assault on a police officer counts, ordered that they be served consecutively, and sentenced Ward to a concurrent 30-day jail term on the petty theft count, for an aggregate 18-month prison term.

{¶ 4} Ward now appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY NOT APPROPRIATELY DISCUSSING POST RELEASE CONTROL AT SENTENCING.

{¶ 7} Ward argues that the trial court improperly imposed postrelease control in the sentencing entry because the court failed to advise her at the sentencing hearing of

the term of supervision, whether postrelease control was discretionary or mandatory, and the consequences of violating postrelease control.

{¶ 8} R.C. 2953.08(G) defines the standard of review for felony sentencing appeals. *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) states that an appellate court may vacate or modify a felony sentence only if it "determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." "A felony sentence is not clearly and convincingly contrary to law if the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible sentencing range." *State v. Jennings*, 2024-Ohio-383, ¶ 31 (12th Dist.).

{¶ 9} This court recently addressed the same issue in a case where the Warren County Court of Common Pleas provided a complete postrelease control notification during the plea hearing and included the complete notification in the sentencing entry but failed to address postrelease control at the sentencing hearing, other than to say, "postrelease control is incorporated into the sentencing that we addressed at the plea." *State v. Bryars*, 2024-Ohio-2765 (12th Dist.). We reversed Bryars' sentence on the ground the trial court failed to properly impose postrelease control at the sentencing hearing. We held that in light of the Ohio Supreme court's decision in *State v. Bates*, 2022-Ohio-475, and the express language of R.C. 2929.19(B)(2)(e) and (f), "the postrelease notifications must be provided during the sentencing hearing." *Bryars* at ¶ 31. We further held that "[n]otice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing." *Id.*, citing *State v. Nascembeni*, 2022-Ohio-1662 (8th Dist.) and *State v. Davis*, 2022-Ohio-2373 (2d Dist.).

{¶ 10} Therefore, in accordance with our opinion in *Bryars*, we find that the trial court failed to properly impose postrelease control at the sentencing hearing. Ward's first assignment of error is sustained.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED BECAUSE IT FAILED TO MAKE THE REQUIRED FINDINGS UNDER R.C. 2929.14(C)(4) TO IMPOSE CONSECUTIVE SENTENCES.

{¶ 13} Ward argues that the trial court erred in imposing consecutive sentences because the court failed to make the requisite findings at the sentencing hearing.

{¶ 14} When imposing consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Hawkins*, 2021-Ohio-3072, ¶ 51 (12th Dist.). "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 15} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> The offender committed one or more of the multiple offenses

while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} It is undisputed that the trial court included all the necessary findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences in its sentencing entry. Specifically, the trial court found that the consecutive sentence was necessary to protect the public from future crime and to punish Ward and was not disproportionate to the seriousness of Ward's conduct or danger posed by Ward. R.C. 2929.14(C)(4). The sentencing entry further provided that the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term adequately reflected the seriousness of Ward's conduct, and that Ward's history demonstrated that consecutive sentences were necessary to protect the public from future crime by Ward. R.C. 2929.14(C)(4)(b) and (c). However, Ward asserts that the trial court failed to make the requisite findings at the sentencing hearing.

{¶ 17} At sentencing, following the prosecutor's statements in favor of a prison sentence and Ward's allocution, the trial court briefly noted Ward's "21-page [criminal] record" and her failure to address her mental health and substance abuse issues and then stated, "I find that you are not amenable to community control and a prison sentence is necessary to fulfill the purposes and principles of sentencing including punishment,

deterrence, and protection of the public." Ward protested, asserting she only pled guilty because she was told she would get probation. The trial court replied,

> Probation would not adequately punish in this case and would seriously demean what happened in this case. The Court orders you to a term of nine months on Count 1, nine months on Count 2, and 30 days on Count 5. Counts 1 and 2 are to run consecutive. Count 5 is the petty theft is to run concurrent to Count 1.

{¶ 18} We find that the trial court failed to make the requisite R.C. 2929.14(C)(4) findings at the sentencing hearing before sentencing Ward to consecutive sentences. Though the court's sentencing entry contains the requisite findings, Ohio law is clear that the findings must be made at the sentencing hearing as well as in the sentencing entry. *Bonnell*, 2014-Ohio-3177 at ¶ 37; *Hawkins*, 2021-Ohio-3072 at ¶ 53. The trial court's brief comments above plainly refer to the issue of whether a prison term or community control best achieved the purposes and principles of sentencing under R.C. 2929.11, and do not address any of the requisite R.C. 2929.14(C)(4) findings. Even if we were to accept the trial court's comments above as satisfying some of the R.C. 2929.14(C)(4) findings, the trial court failed to make the required proportionality finding at the sentencing hearing.

{¶ 19} Ward's second assignment of error is sustained.

{¶ 20} In light of the foregoing, we reverse that portion of the trial court's judgment imposing postrelease control and consecutive sentences and remand the case to the trial court for resentencing. On remand, the trial court shall employ the postrelease control correction procedures set forth in R.C. 2929.191, shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry. In all other respects, the judgment of the trial court is affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.