[Cite as *State v. Mills*, 2024-Ohio-3359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-12-110 |
| | : | O P I N I O N |
| - vs - | | 9/3/2024 |
| | : | |
| JOSHUA TAYLOR MILLS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40769

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.

**BYRNE, J.**

{¶ 1} Appellant, Joshua Taylor Mills, appeals his conviction in the Warren County Court of Common Pleas following his guilty plea to one count of third-degree felony aggravated possession of drugs. For the reasons outlined below, we affirm in part, reverse in part, and remand to the trial court for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth in R.C. 2929.191.

## I. Factual and Procedural Background

**{¶ 2}** On July 31, 2023, the Warren County Grand Jury returned an indictment charging Mills with one count of aggravated possession of drugs, a third-degree felony. The indictment also charged Mills with one count of theft and one count of possessing drug abuse instruments, both first-degree misdemeanors. Mills was arraigned on August 2, 2023. He entered a not guilty plea to all three charges.

**{¶ 3}** On August 28, 2023, Mills entered a plea agreement with the state and thereafter pleaded guilty to the charge of third-degree felony aggravated possession of drugs in exchange for the first-degree misdemeanor theft and possession of drug abuse instruments offenses being dismissed. The trial court accepted Mills' plea upon finding the plea was knowingly, intelligently, and voluntarily entered. The trial court did this after advising Mills that by entering a guilty plea he would be subject to an optional two-year postrelease control term should he be sentenced to serve time in prison at his sentencing hearing.

**{¶ 4}** On November 20, 2023, the trial court held a sentencing hearing where it sentenced Mills to serve a 24-month prison term, less 55 days of jail-time credit. The trial court issued this decision after advising Mills that it was "[i]ncorporat[ing] the post-release control that we covered at the plea agreement." The trial court then issued its sentencing entry, which included a complete and correct postrelease control notification. Mills then appealed. Mills' appeal now properly before this court for decision, Mills has raised two assignments of error for review.

## II. Law and Analysis

### A. Imposition of Postrelease Control

**{¶ 5}** Mills' first assignment of error states:

TRIAL COURT ERRED BY FAILING TO PROPERLY OR

ADEQUATELY NOTIFY JOSHUA OF THE POST RELEASE
CONTROL CONDITION AT HIS SENTENCING HEARING.

**{¶ 6}** In his first assignment of error, Mills argues the trial court erred by failing to properly impose postrelease control at his sentencing hearing.

**{¶ 7}** Referencing R.C. 2967.28 in *State v. Bates*, 2022-Ohio-475, the Ohio Supreme Court stated, "[i]t is established that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.'" *Id.* at ¶ 11, quoting *State v. Jordan*, 2004-Ohio-6085, ¶ 23, *overruled on other grounds by State v. Harpe*r, 2020-Ohio-2913. "The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Id.*, citing *State v. Grimes*, 2017-Ohio-2927, ¶ 11.

**{¶ 8}** Based on our recent decisions in *State v. Bryars*, 2024-Ohio-2765 (12th Dist.) and *State v. Ward*, 2024-Ohio-2858 (12th Dist.), we find the trial court failed to properly impose postrelease control in this case when it merely stated at Mills' sentencing hearing, without further elaboration, that it was "[i]ncorporat[ing] the post-release control that we covered at the plea agreement." This holds true even though, as noted above, the trial court's sentencing entry provided Mills with a complete and correct postrelease control notification. This is because, as this court stated in *Bryars*, "[n]otice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing." *Id.* at ¶ 9, citing *State v. Nascembeni*, 2022-Ohio-1662 (8th Dist.) and *State v. Davis*, 2022-Ohio-2373 (2d Dist.). The trial court must also announce the proper postrelease control sanction at the defendant's sentencing hearing. *See, e..g., State v. Gross*, 2024-Ohio-2598, ¶ 10 (remanding case for resentencing where the trial court "did not announce the postrelease

control sanction at the sentencing hearing"). Therefore, in accordance with this court's recent decisions in *Bryars* and *Ward*, we find the trial court failed to properly impose postrelease control at Mills' sentencing hearing. Accordingly, finding merit to Mills' argument raised herein, Mills' first assignment of error is sustained.

### B. Knowing, Intelligent, and Voluntary Plea

{¶ 9} Mills' second assignment of error states:

THE TRIAL COURT ERRED TO JOSHUA'S PREJUDICE BY ACCEPTING HIS GUILTY PLEA WHICH WAS NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE.

{¶ 10} In his second assignment of error, Mills argues the trial court erred by accepting his guilty plea because the plea was not knowingly, intelligently, or voluntarily entered.[1] We disagree.

### a. Crim.R. 11(C) Standard

{¶ 11} "'A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision.'" *State v. Johnson*, 2024-Ohio-1089, ¶ 12 (12th Dist.), quoting *State v. Clark*, 2008-Ohio-3748, ¶ 25. Given the seriousness of such a decision, "'[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Hawkins*, 2023-Ohio-2915, ¶ 7 (12th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179.

{¶ 12} "A trial court's obligations in accepting a defendant's plea as being knowingly, intelligently, and voluntarily entered is dependent 'upon the level of offense to

---

1. Mills bases his argument on the strict/substantial compliance framework set forth by the Ohio Supreme Court some twenty years ago in *State v. Griggs*, 2004-Ohio-4415. "However, a [more] recent decision of the Ohio Supreme Court reveals that whether a trial court substantially complies with Crim.R. 11(C)(2) is no longer part of the analysis in reviewing a trial court's plea colloquy." *State v. Rogers*, 2020-Ohio-4102, ¶ 15 (12th Dist.), citing *State v. Dangler*, 2020-Ohio-2765.

which the defendant is pleading.'" *State v. Muhire*, 2023-Ohio-1181, ¶ 11 (12th Dist.), quoting *State v. Jones*, 2007-Ohio-6093, ¶ 6. "Crim.R. 11(C) prescribes the procedure a trial court must follow in felony cases before accepting a guilty or no contest plea." *State v. Martin*, 2019-Ohio-2792, ¶ 26 (12th Dist.). The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights set forth in Crim.R. 11(C)(2)(c). *State v. Oliver*, 2021-Ohio-2543, ¶ 41 (12th Dist.). This also requires the trial court to make the necessary determinations and give the defendant the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *Id.*

{¶ 13} Specifically, pursuant to Crim.R. 11(C)(2)(a), (b), and (c):

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond

a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 14} "[I]in order to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Chatman*, 2019-Ohio-5026, ¶ 13 (12th Dist.). "Crim.R. 11(B)(1) provides the applicable language for a plea of guilty." *Johnson*, 2024-Ohio-1089 at ¶ 15. That rule states, "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1).

### b. Crim.R. 11(C) and a Showing of Prejudice

{¶ 15} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 2020-Ohio-2765, ¶ 16. There are two exceptions to this rule, however. *State v. Luttrell*, 2022-Ohio-1148, ¶ 17 (12th Dist.). Those two exceptions being: "(1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)." (Emphasis in original.) *Id.*, quoting *Dangler* at ¶ 15. "Under either exception, the defendant is not required to show prejudice." *State v. Henson*, 2022-Ohio-2828, ¶ 6 (12th Dist.). That is to say, when either of those two exceptions apply, the defendant need not establish that his or her guilty plea "would [not] have otherwise been made." (Brackets in original.) *State v. Leonicio*, 2023-Ohio-2433, ¶ 34 (12th Dist.), quoting *State v. Henson*, 12th Dist. Fayette No. CA2021-12-029, 2022-Ohio-2828, ¶ 6. Prejudice is instead presumed to have occurred as a matter of law. *State v. Fabian*, 2020-Ohio-3926, ¶ 15 (12th Dist.). Prejudice, when required, "must be established on the face of the record and not solely by virtue of challenging a plea on appeal." *Hawkins*, 2023-Ohio-2915 at ¶ 12.

### c. Whether Mills Was Required to Show Prejudice

{¶ 16} The focus when enforcing Crim.R. 11(C) is not on whether the trial court recited the precise language set forth within the rule. This holds true for the language set forth in Crim.R. 11(C)(2)(a), (b), and (c). The focus is instead "on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Tancak*, 2023-Ohio-2578, ¶ 16. But despite the focus not being on whether the trial court recited the precise language set forth within Crim.R. 11(C), Mills argues that the trial court completely failed to satisfy the requirements of Crim.R. 11(C)(2)(a) by "not reading any facts for the alleged offense" into the record to ensure that he "understood the nature of the crime to which he was pleading guilty." But as this court has stated previously, the trial court "need not advise the defendant of the elements of the crime[]" for which he or she is pleading guilty before the trial court can find the defendant's plea was made with an understanding of the nature of the charge pursuant to Crim.R. 11(C)(2)(a). *State v. Huston*, 2018-Ohio-2818, ¶ 19 (12th Dist.). "[R]ather, 'it is sufficient if the totality of the circumstances warrant the trial court in making a determination [that] the defendant understands the charge[].'" *Id.*, quoting *State v. Goens*, 2006-Ohio-4324, ¶ 10 (12th Dist.). To the extent Mills argues otherwise, such argument lacks merit.

{¶ 17} Here, the record firmly establishes that Mills understood the nature of the charge to which he would be pleading guilty, third-degree felony aggravated possession of drugs, prior to entering his guilty plea. The trial court, in fact, expressly advised Mills of the nature of the charge at the start of the plea hearing, stating:

> Mr. Mills plans to plead guilty to aggravated possession of methamphetamine, bulk amount. That's a felony of the third degree that carries up to 36 months in prison and a maximum fine of $10,000.

The trial court then turned to Mills and asked, "Mr. Mills, do you understand what you're doing, sir?" To this, Mills responded, "Yes, Your Honor." Therefore, given the record properly before this court, we find the trial court did not completely fail to comply with the requirements set forth in Crim.R. 11(C)(2)(a). The trial court instead fully complied with the rule by expressly advising Mills of the nature of the charge to which he would be pleading guilty, third-degree felony aggravated possession of drug, prior to entering his guilty plea. To the extent Mills argues otherwise, such argument again lacks merit.

{¶ 18} The record also clearly demonstrates that the trial court did not completely fail to advise Mills, prior to entering the guilty plea, that the effect of entering a guilty plea would serve as a complete admission of his guilt in accordance with Crim.R. 11(C)(2)(b). This holds true even though the trial court did not advise Mills that, upon the acceptance of his guilty plea, it could proceed with judgment and sentence. *See State v. Jones*, 2020-Ohio-3919, ¶ 10-15 (3d Dist.). This is because, as the record plainly reveals, the trial court specifically advised Mills that, if he were to plead guilty, he would be "admitting [he] committed the offense" and waiving his "rights to a trial." When asked by the trial court if he was "aware of that," Mills again responded, "Yes, Your Honor."

{¶ 19} A "complete failure" involves a trial court's complete omission in advising about a distinct component of Crim.R. 11(C)(2)(a) or (b). *Hawkins*, 2023-Ohio-2915 at ¶ 10. No "complete failure" occurred in this case. Therefore, despite Mills' claims, because the trial court did not completely fail to comply with either Crim.R. 11(C)(2)(a) or (b) prior to Mills entering his guilty plea, Mills was required to demonstrate prejudice by the trial court's failure to fully comply with the rule, i.e., that his plea would not have otherwise been made. Mills has failed to demonstrate any such prejudice. Mills instead claims that the prejudice is "clear" that he "could not plead guilty voluntarily, knowingly, or intelligently" under the "circumstances of this plea." This falls well short of what was

- 8 -

required of Mills to demonstrate prejudice in this case. Accordingly, finding no error in the trial court's decision to accept Mills' guilty plea, Mills' second assignment of error lacks merit and is overruled.

### III. Conclusion

{¶ 20} For the reasons set forth above, and having sustained Mills' first assignment of error, we reverse Mills' sentence and remand this matter to the trial court for the limited purpose of permitting the trial court to employ the postrelease control correction procedures set forth in R.C. 2929.191. The judgment of the trial court in all other respects is affirmed.

{¶ 21} Judgment affirmed in part, reversed in part, and the matter remanded.

S. POWELL, P.J., and M. POWELL, JJ., concur.